# IN THE SUPREME COURT OF THE STATE OF NEVADA

JPMORGAN CHASE BANK, N.A., A
NATIONAL ASSOCIATION; AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., A
FOREIGN CORPORATION,
Appellants,
vs.
EAGLE INVESTORS, A NEVADA
CORPORATION,
Respondent.

No. 73470

FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER VACATING JUDGMENT AND REMANDING*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate the district court's order and remand for further proceedings.

Appellant JPMorgan Chase argues that the district court erred in concluding that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) does not preempt state foreclosure provisions, specifically, NRS 116.3116. Consistent with our recent decision in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Association*, 134 Nev., Adv. Op. 36, ___ P.3d ___ (2018) (*Saticoy Bay/Christine View*), we agree.[1] Although respondent Eagle Investors argues that appellants offered

---

[1]We reject JPMorgan Chase's other challenges to the summary judgment. In particular, JPMorgan Chase's challenge to the foreclosure sale based solely on a grossly inadequate price fails. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 646-49 (2017) (reiterating that inadequate price alone is insufficient to set aside a foreclosure sale).

18-22864

insufficient evidence that Freddie Mac owned the loan in question and that JPMorgan Chase had a contract with Freddie Mac to service the loan, we are not convinced that the district court resolved those issues. In particular, the statement in the district court's order cited by Eagle Investors, that the court was "not persuaded by [JPMorgan Chase's] argument that Freddie Mac has a property interest protected by the Federal Foreclosure Bar," is followed by a two-sentence explanation focused on whether the Federal Foreclosure Bar preempts state law, not whether JPMorgan presented sufficient evidence to establish Freddie Mac's interest and the servicing relationship. Therefore, we conclude that remand is appropriate so the district court may address these factual inquiries in the first instance. *Cf. Nationstar Mortg. v. SFR Invs. Pool 1*, 133 Nev., Adv. Op. 34, 396 P.3d 754, 758 (2017) (remanding for district court to address same factual inquiries where district court erroneously determined that alleged servicer lacked standing to assert Federal Foreclosure Bar on behalf of a regulated entity that purportedly owned the loan at issue). In light of our decision in *Saticoy Bay/Christine View*, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Gloria Sturman, District Judge
Smith Larsen & Wixom
Ayon Law, PLLC
Arnold & Porter Kaye Scholer LLP
Fennemore Craig P.C./Reno
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A